```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
STRIKE 3 HOLDINGS, LLC,                                                 :
                                                                        :
                                Plaintiff,                              :    22-CV-06372 (JMF)
                                                                        :
                -v-                                                     :            ORDER
                                                                        :
JOHN DOE subscriber assigned IP address                                 :
68.175.72.157,                                                          :
                                                                        :
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 11, 2022, Plaintiff filed a letter motion for leave to file a third-party subpoena on Defendant John Doe's Internet Service Provider (ISP) in advance of the conference mandated by Rule 26(f) of the Federal Rules of Civil Procedure. (Docket No. 7). Substantially for the reasons stated in *Digital Sin, Inc. v. Does 1-27*, No. 12-CV-3873 (JMF), 2012 WL 2036035 (S.D.N.Y. June 6, 2012), the Court concludes that Plaintiff has satisfied the requirements for leave to serve a third-party subpoena on an expedited basis. *See id.* at *4. Accordingly, Plaintiff's motion for leave to file a third-party subpoena on Defendant's ISP in order to obtain Defendant's identity is GRANTED. Plaintiff is *not* permitted to subpoena the ISP for Defendant's email address or telephone number.

As in its earlier opinion, the Court concludes that there are substantial concerns related to Defendant's privacy given both the nature of the copyrighted material at issue and the risk of a false identification by Defendant's ISP. *See id*. Accordingly, it is ORDERED that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise. It is therefore further ORDERED that Plaintiff shall not initiate settlement discussions prior to service of the Complaint without leave of Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

It is further ORDERED that the ISP shall have 60 days from the date of service of the Rule 45 subpoena upon it to serve upon Defendant a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant" attached hereto as Exhibit A. The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. The ISP may serve Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

It is further ORDERED that Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the

subpoena (including a motion to quash or modify the subpoena).  The ISP may not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period.  Additionally, if Defendant or his ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume in turning over the requested discovery.

It is further ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further ORDERED that the ISP receiving a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall provide Plaintiff with a billing summary and cost report.

It is further ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

It is further ORDERED that Plaintiff's time to serve the Summons and Complaint on Defendant is extended to forty-five days after Plaintiff receives the information from the ISP pursuant to subpoena.

Finally, it is hereby ORDERED that Plaintiff shall submit to the Court, every 60 days from the Date of this Order until Defendant files an answer or otherwise responds to the Complaint, a status update in the form of a letter of not more than two pages.  The status letter must describe Plaintiff's effort to obtain the necessary information from the ISP and to serve Defendant.  Failure to submit such letters in a timely manner may result in dismissal of this action for failure to prosecute.

The Clerk of Court is directed to terminate Docket No. 7.

SO ORDERED.

Dated: October 12, 2022
       New York, New York                                        JESSE M. FURMAN
                                                             United States District Judge

# EXHIBIT A

## Notice to Defendant

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 68.175.72.157*, 22-CV-06372 (JMF), a case now pending before the Honorable Jesse M. Furman, United States District Judge for the Southern District of New York.

   Attached is Judge Furman's Order, dated October 12, 2022, setting forth certain deadlines and procedures related to this case.

   You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 105 of the United States Courthouse, 40 Foley Square, New York, N.Y. 10007, and may be reached at (212) 805-0175.

2. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted material on your computer.

3. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

   The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

   If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.

   If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you regarding the case.

   Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

   If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.